OVERTON, Justice.
The Attorney General has petitioned this Court for an advisory opinion on the validity of an initiative petition seeking to amend the Florida Constitution to prohibit the public funding of the political campaigns of candidates for the offices of Governor, Cabinet offices, the Florida Senate, and the Florida House of Representatives. We have jurisdiction. Art. IV, § 10; art. V, § 3(b)(10), Fla. Const.
In response to the Attorney General’s request, we issued an order permitting interested parties to file briefs and heard oral arguments on the validity of the proposed amendment. For the reasons expressed, we find that the amendment does not violate the single subject requirement of article XI, section 3, of the Florida Constitution, and that the proposed ballot title and summary are not misleading. Consequently, we approve the proposed amendment for placement on the ballot. The ballot title of the proposed amendment reads as follows:
PROHIBITING PUBLIC FUNDING OF POLITICAL CANDIDATES’ CAMPAIGNS
The ballot summary of the proposed amendment provides:
Prohibits the payment of State funds to political candidates’ campaigns for Governor, Lieutenant Governor, Cabinet offices, Florida Senate or Florida House of Representatives. The amendment will be effective upon passage. Upon passage, any funds remaining in public campaign financing accounts will be used to satisfy existing obligations, then treated as general revenue for the State.
The full text of the initiative petition provides:
BE IT ENACTED BY THE PEOPLE OF FLORIDA THAT:
1)Amendment of Article VI, Florida Constitution:
Article VI, Florida Constitution, is hereby amended by adding at the end thereof the following new section:
Section 7. No Public Funding of Election Campaigns:
(a) Public funds shall not be used for the financing of campaigns for elective State office.
(b) For purposes of this section:
(1)The phrase “public funds” means funds from the State, including appropriated funds, trust funds, the Budget Stabilization Fund, or similar fiscal mechanisms of the State.
(2) The term “financing” means the payment of funds to campaigns, and does not include the use of funds for the administration or conduct of elections generally, or the reimbursement of funds or property erroneously paid to or taken by the State.
(3) The term “campaigns” means the activity of an individual as a candidate for election or of a candidate’s campaign committee or organization.
(4) The phrase “elective State office” means the Governor, Lieutenant Governor, Cabinet offices, Florida Senate and Florida House of Representatives.
2) Effective Date and Transition:
This amendment shall be effective on the date it is approved by the electorate. Funds remaining in trust funds or otherwise dedicated to uses abrogated under this amendment on such date shall be used first to satisfy any existing obligation under public campaign financing laws, and then deposited into the general revenue fund.
3) Severability:
If any portion of this measure is held invalid for any reason, the remaining portion of this measure, to the fullest extent possible, shall be severed from the void portion and given the fullest possible force and application.
This Court’s responsibility in analyzing the proposed amendment is limited to two legal issues: (1) whether the proposed amendment meets the single subject requirements of article XI, section 3, Florida Constitution; and (2) whether the proposed amendment’s title and summary are “printed in clear and unambiguous language.” § 101.161(1), Fla. Stat. (1995). As we have previously expressed, we have no authority to rule on the merits of a *975 proposed amendment. Advisory Op. to the Att’y Gen. re Tax Limitation, 644 So.2d 486, 489 (Fla.1994).

SINGLE-SUBJECT REQUIREMENT

Article XI, section 3, Florida Constitution, provides in pertinent part:
The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment, except for those limiting the power of government to raise revenue, shall embrace but one subject and matter directly connected therewith.
As we have fully explained previously, the single subject rule serves as a “rule of restraint.” Fine v. Firestone, 448 So.2d 984, 988 (Fla.1984). “It was placed in the constitution by the people to allow the citizens, by initiative petition, to propose and vote on singular changes in the functions of our governmental structure.” Id. The test for evaluating whether a proposed amendment violates the single subject rule requires us to determine whether the amendment deals with “a logical and natural oneness of purpose.” Id. at 990.
Opponents to this proposed amendment contend that it logrolls classes of public offices into one initiative. Specifically, they claim that the amendment enumerates four offices for which public funding would be prohibited if the amendment passes, and they argue that a voter is being asked to answer four different questions. Consequently, they contend that the amendment requires the voter to cast an all-or-nothing vote on four different classifications.
We reject this contention and find that the proposed amendment does not violate the single-subject requirement. In Advisory Opinion to the Attorney General — Limited Political Terms in Certain Elective Offices, 592 So.2d 225 (Fla.1991), this Court found that an initiative petition that provided for limited political terms for selective elective offices did not violate the single subject rule. This Court stated that the fact that the proposed amendment affected officeholders in three different branches of government was not sufficient to declare the amendment invalid. We stated that proposed amendments do not fail the single subject requirement simply because they affect multiple branches of government. Similarly, although the proposed amendment in the instant case limits public funding for four separate offices, the only subject that the proposed amendment addresses is the prohibition of public financing for specified public elective offices. In addition, the proposed amendment does not substantially affect or alter the functions of either the executive or legislative branches. Instead, the amendment simply addresses the process for electing candidates to these respective offices.

BALLOT TITLE AND SUMMARY REQUIREMENTS

Section 101.161(1), Florida Statutes (1995), provides in pertinent part:
Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot.... The substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure. The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.
We have previously determined that this section “requires that the ballot title and summary for a proposed constitutional amendment state in clear and unambiguous language the chief purpose of the measure.” Askew v. Firestone, 421 So.2d 151, 154-55 (Fla.1982). Nevertheless, the title and summary need not explain every detail or ramification of the proposed amendment. Carroll v. Firestone, 497 So.2d 1204, 1206 (Fla.1986). Our responsibility is to determine whether the language of the title and summary, as written, misleads the public.
The opponents argue that the language is misleading to the public, asserting that, in addition to prohibiting public funding of campaigns, the amendment effectively invalidates existing statutory law permitting the public *976 financing of the campaigns for some of the offices at issue. The opponents argue that the amendment is misleading because it puts voters in the position of voting on something that has a significant collateral effect, of which many voters may be unaware.
We reject this contention. We agree with the Attorney General’s conclusion that the ballot title and summary satisfy the requirements of section 101.161. The language is not misleading, vague, or ambiguous. The language expresses the chief purpose of the amendment. It also includes a provision for the effective date of the amendment and for the distribution of existing funds in public financing accounts at the time the amendment becomes effective.
Accordingly, we approve the proposed amendment entitled ' “Prohibiting Public Funding of Political Candidates’ Campaigns” for inclusion on the ballot. As stated before, while we find that it meets both statutory and constitutional requirements, this decision should not be construed as commenting on the merits of the proposed amendment.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.